# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN HINES,<br><br>                       Petitioner,<br><br>            v.<br><br>JANET NAPOLITANO, Warden,<br><br>                       Respondent. | Civil No.   07cv1816 WQH (RBB)<br><br>**ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE** |

On September 14, 2007, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed In Forma Pauperis. On September 26, 2007, this Court granted Petitioner's application to proceed In Forma Pauperis, and dismissed the petition with leave to amend for Petitioner's failure to clearly and succinctly state his federal claims. [Doc. No. 13.] On October 26, 2007, Petitioner filed a First Amended Petition. [Doc. No. 4.] On November 15, 2007, this Court dismissed Petitioner's First Amended Petition for Petitioner's failure to again clearly and succinctly state his federal claims, and for Petitioner's failure to allege exhaustion of state judicial remedies. [Doc. No. 6.] On December 10, 2007, Petitioner filed a Second Amended Petition. [Doc. No. 7.]

### **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir.

1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner has violated Rule 2(c). Although Petitioner does not fail to state generalized constitutional grounds for relief, he does fails to provide coherent and specific factual allegations in support of such grounds.

While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have entire onus of creating federal claim for petitioner). The Court finds that the Petition contains conclusory allegations without any specific facts in support of relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition and its numerous attachments. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

Due to Petitioner's unsatisfactory showing, the Court dismisses the action without prejudice. Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly* state all grounds for relief using the Third Amended Petition form sent to Petitioner with this order. **<u>Petitioner is cautioned that if the Third Amended Petition fails to cure the pleading deficiencies identified in this Order and previous Orders of Dismissal, the case will be subject to dismissal without further leave to amend.</u>**

//
//

## **CONCLUSION**

Based on the foregoing, the Court **DISMISSES** the petition for failure to state cognizable claims for relief. In order to have this case reopened, Petitioner must submit a Third Amended Petition that cures the deficiencies outlined above **no later than February 4, 2008**. *For Petitioner's convenience, the Clerk of Court shall attach a blank Third Amended Petition for to this Order.*

**IT IS SO ORDERED.**

DATED: January 3, 2008

*/s/ William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge