UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN HINES,<br><br>                                   Petitioner,<br><br>vs.<br><br>JANET NAPOLITANO, et al.,<br><br>                                   Respondents. | Civil No.   07-1816 WQH (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

HAYES, Judge:

On September 14, 2007, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. On September 26, 2007, the Court granted Petitioner's motion and dismissed the case without prejudice and with leave to amend because Petitioner had failed to state a cognizable claim for relief. Petitioner was told that if he wished to pursue this case, he had to file a First Amended Petition which cured the pleading deficiencies outlined in the Court's Order no later than November 26, 2007. (*See* Order dated Sept. 26, 2007 [doc. no. 3].)

On October 26, 2007, Petitioner filed a First Amended Petition [doc. no. 4]. The Court dismissed that petition without prejudice and with leave to amend on November 15, 2007, because Petitioner had failed to state grounds for relief in the petition and had failed to allege exhaustion of his state judicial remedies. (*See* Order dated Nov. 15, 2007 [doc. no. 6].)

1  Petitioner was told that if he wished to proceed with his case, he had to file a Second Amended
2  Petition which cured the pleading deficiencies outlined in the Court's Order no later than
3  January 7, 2008. (*Id.*)

4  On December 10, 2007, Petitioner filed a Second Amended Petition [doc. no. 7].) On
5  January 3, 2008, the Court dismissed the petition without prejudice and with leave to amend
6  because Petitioner had again failed to state grounds for relief. (*See* Order dated Jan. 3, 2008
7  [doc. no. 9].) Petitioner was told that if he wished to pursue his case he had to file a Third
8  Amended Petition which cured the pleading deficiencies outlined in the Court's order no later
9  than February 4, 2008. (*Id.*) Petitioner was also told that if his Third Amended Petition did not
10  cure the pleading deficiencies outlined in the Court's Order, he would not be given further leave
11  to amend his petition. (*See id.* at 2.) On January 30, 2008, Petitioner filed a Third Amended
12  Petition.

### **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

14  Petitioner again has failed to state ground for relief in his petition. In addition, Rule 2(c)
15  of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary
16  form the facts supporting each of the grounds . . . specified [in the petition]." Rule 2(c), 28
17  U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial
18  court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory
19  allegations instead of factual allegations showing that he was entitled to relief). Here, Petitioner
20  has violated Rule 2(c). Petitioner cites general constitutional provisions, but he does not provide
21  specific and coherent factual and legal allegations.

22  While courts should liberally interpret pro se pleadings with leniency and understanding,
23  this should not place on the reviewing court the entire onus of ferreting out grounds for relief.
24  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). This Court would have to engage in
25  a tenuous analysis in order to attempt to identify and make sense of the Petition. In order to
26  satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf.*
27  *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must
28  be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face

of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

## **FAILURE TO STATE A COGNIZABLE CLAIM ON HABEAS CORPUS**

To the extent that the Court can discern what Petitioner is alleging in his petition, it appears that a Petition for Writ of Habeas Corpus pursuant to § 2254 is not the proper vehicle for the claims Petitioner presents. Challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254; challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-500 (1973). When a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. *Id.* at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *Id.* at 499; *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

It appears that Petitioner seeks to challenge the conditions of his prison life, but not the fact or length of his custody.[1] None of Petitioner's complaints appear to relate to his state court criminal conviction. Rather, he lists various problems he claims he is facing in prison. Petitioner's claims are not cognizable on habeas because they do not challenge the constitutional validity or duration of confinement. *See* 28 U.S.C. 2254(a); *Preiser*, 411 U.S. at 500; *Heck v. Humphrey*, 512 U.S. 477, 480-85 (1994). "Section 2254 applies only to collateral attacks on state court judgments." *McGuire v. Blubaum*, 376 F. Supp. 284, 285 (D. Ariz. 1974).

///

///

---

[1] Petitioner has numerous closed § 1983 complaints in this court.

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition also reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "J.S.U. Squad ("Quartet"), Gomez, Ortiz, Ruiz Garcia & Janet Napolitano, Governor of Arizona, Bill Lockyer" as Respondents. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

///

## CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Petition without prejudice. As Petitioner was advised in this Court's January 3, 2008 Order, the dismissal is without further leave to amend. (*See* Order dated Jan. 3, 2008 [doc. no.9] at 2.) If Petitioner wishes to challenge the validity of his state court criminal conviction, he must start over by filing a new habeas corpus petition pursuant to 28 U.S.C. § 2254 which will be given an new civil case number. If he wishes to challenge the conditions of his confinement, he must file a new civil complaint pursuant to 42 U.S.C. § 1983 which will also be given a new civil case number. **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK HABEAS CORPUS PETITION FORM PURSUANT TO 28 U.S.C. § 2254, A BLANK CIVIL COMPLAINT FORM PURSUANT TO 42 U.S.C. § 1983 AND A BLANK MOTION TO PROCEED IN FORMA PAUPERIS FORM.**

**IT IS SO ORDERED.**

DATED: February 8, 2008

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge